IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ISAAC MITCHELL, ) | |
| ) | Civil Action No. 06 - 409 |
| Plaintiff, ) | |
| ) | Judge Terrence F. McVerry |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| DR. STANLEY FALOR, *Medical Director*; DIANE MANSON, HCA; JOHN MCANANY, RNS; SHIRLEY HICKMAN, *Physician Assistant*; NANCY ZEIGLER, *Physician's Assistant*; LOUIS FOLINO, *Superintendant*; DIANE THOMAS, *Administrative Officer*; DAN DAVIS, *Acting Grievance Coordinator*; SHARON BURKS, *Chief Hearing Director*; JEFFREY BEARD, *Secretary of Corrections*; BRANDA MARTIN, *Capital Case Unit Manager*, ) | Doc. Nos. 27 & 29 |
| Defendants. ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.      RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that the Partial Motion to Dismiss filed by the Pennsylvania Department of Corrections Defendants (doc. no. 27) be granted, that the Motion to Dismiss filed by the Medical Defendants (doc. no. 29) be granted, and that Plaintiff's Complaint be dismissed in its entirety in accordance with the screening provisions of the PLRA.

**II.     REPORT**

Plaintiff, Isaac Mitchell, a capital inmate incarcerated at the State Correctional Institution at Greene, Pennsylvania (SCI-Greene), commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983.  Named as Defendants are present and/or former employees of the Pennsylvania Department of Corrections (DOC) at SCI-Greene and various medical personnel at SCI-Greene.  Plaintiff claims that Defendants have violated his rights as protected by the Eighth and Fourteenth Amendments of the United States Constitution by denying him adequate medical treatment.  For the reasons that follow, his claims should be denied as he has not suffered any violation of his constitutional rights.

### A. Standard of Review

Defendants have filed motions to dismiss pursuant to Fed. R. Civ. Proc. 12(b)(6).  The complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations in the complaint must be taken as true.  Estelle v. Gamble, 429 U.S. 97 (1976).  A viable complaint must include "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, ___U.S. ___, 127 S.Ct. 1964-65.  In other words, "factual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 1955. It is not proper for the court to assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the ... laws in ways that have not been alleged."  Associated General Contractors of California, Inc. v.

California State Council of Carpenters, 459 U.S. 519, 526 (1983).[1]

In addition, in the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing law suits brought by persons in custody.  The authority granted to federal courts for *sua sponte* screening and dismissal of prisoner claims in that Act is applicable to this case.  Specifically, Congress enacted a new statutory provision at 28 U.S.C. § 1915A, entitled "Screening," which requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint.  28 U.S.C. § 1915A(b).

Also, Congress significantly amended Title 28 of the

---

1. Courts may consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case in considering a motion to dismiss under Rule 12(b)(6).  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1385 n.2 (3d Cir. 1994); Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990); DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records); Barber v. Grow, 929 F. Supp. 820, 822 (E.D. Pa. 1996) (in considering a Rule 12(b)(6) motion, a court must primarily consider the allegations contained in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account).

United States Code, section 1915, which establishes the criteria for allowing an action to proceed in forma pauperis (IFP), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding IFP and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Further, the PLRA substantially amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C.A. § 1997e.  In this regard, the PLRA amended section 1997(c) to require the court "on its own motion or on the motion of a party" to dismiss any action brought by a prisoner with respect to prison conditions under 42 U.S.C. § 1983 if the action is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."  *See* 42 U.S.C. § 1997e(c)(1).

Plaintiff is a prisoner who is seeking redress from, *inter alia*, employees and officers of the Pennsylvania Department of Corrections (DOC), a governmental entity.  In addition, this Court granted Plaintiff's Motion to Proceed IFP on January 12, 2006 (doc. no. 1).  Finally, his allegations about his medical condition are considered "prison conditions" within 42 U.S.C. § 1997e.  Thus his allegations must be reviewed in accordance with these directives.  In reviewing complaints under 28 U.S.C. §§ 1915A &

1915(e) and 42 U.S.C. § 1997e, a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[2]

### B. Liability under 42 U.S.C. § 1983

Plaintiff seeks to assert liability against Defendants pursuant to the Civil Rights Act, 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

Plaintiff alleges that the Defendants provided inadequate medical treatment.[3] Plaintiff's claims concerning his medical treatment invoke the protections of the Eighth Amendment. In order

---

2. *See, e.g.*, Anyanwutaku v. Moore, 151 F.3d 1053 (D.C. Cir. 1998); Mitchell v. Farcass, 112 F.3d 1483, 1484 (11th Cir. 1997); Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F. Supp. 134 (E.D. Va.), *aff'd*, 116 F.3d 473 (Table) (4th Cir. 1997).

3. Plaintiff makes several allegations about abuse from guards; however, none of these guards are named as defendants in this action. Moreover, Plaintiff can not now amend his Complaint to include such defendants as the two-year period of limitations has run as to those claims. Consequently, only his medical claims can be considered in this action.

to make out a prima facie case that a prison official's actions violate the Eighth Amendment's prohibition against cruel and unusual punishment, an inmate must show two elements.  First, a prisoner must show that the condition, either alone or in combination with other conditions, deprived him of "the minimal civilized measure of life's necessities," or at least a "single, identifiable human need."  Wilson v. Seiter, 501 U.S. 294 (1991) (citing Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  Second, an inmate must demonstrate deliberate indifference to prison conditions on the part of prison officials. Farmer v. Brennan, 511 U.S. 825; Wilson, 501 U.S. at 297; Rhodes, 452 U.S. at 347.

To state an Eighth Amendment violation in the context of medical treatment, an inmate must show prove two elements:  1) plaintiff was suffering from a "serious medical need," and 2) prison officials were deliberately indifferent to the serious medical need. Gamble v. Estelle, 439 U.S. 897 (1978).  The first showing requires the court to objectively determine whether the medical need was "sufficiently serious."  A medical need is "serious" if it is one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Gaudreault v. Municipality of Salem, 923 F.2d 203, 208 (1st Cir. 1990), *cert. denied*, 500 U.S. 956 (1991); Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), *cert. denied*, 486 U.S. 1006 (1988).

The second prong requires a court <u>subjectively</u> to determine whether the officials acted with a sufficiently culpable state of mind. Deliberate indifference may be manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, a denial of prescribed medical treatment, or a denial of reasonable requests for treatment that results in suffering or risk of injury. <u>Durmer v. O'Carroll</u>, 991 F.2d 64, 68 (3d Cir. 1993).

Here, Plaintiff has received extensive medical treatment for his concerns. Consequently, Plaintiff has alleged the existence of serious medical needs.

Notwithstanding, Plaintiff has failed to demonstrate that the Defendants were deliberately indifferent to his needs. The "deliberate indifference" standard for purposes of liability under section 1983 is a stringent standard of fault requiring proof that a defendant disregarded a known or obvious consequence of his action. <u>Board of County Commissioners of Bryan County v. Brown</u>, 520 U.S. 397, 410 (1997). The defendant must be both aware of facts from which the inference could be drawn that a substantial harm exists and he must also draw the inference. <u>Farmer v. Brennan</u>, 511 U.S. at 837. An official is not deliberately indifferent if "he fails to alleviate a significant risk that he should have identified." *Id*. Moreover, deliberate indifference to a serious medical need of a prisoner is distinguishable from a negligent diagnosis or treatment of a medical condition; only the

former conduct violates the Eighth Amendment.  Medical malpractice may give rise to a tort claim in state court but does not necessarily rise to the level of a federal constitutional violation.  Kost v. Kozakiewicz, 1 F.3d 176, 185 (3d Cir. 1993); Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993).

The Supreme Court explained the difference between negligence and constitutional claims in Estelle v. Gamble, 429 U.S. 97, 104 (1978).  In that case, the prisoner, Gamble, was injured when a bale of cotton fell on him while he was unloading a truck. He went to the unit hospital where a medical assistant checked him for a hernia and sent him back to his cell.  He returned to the hospital where he was given pain pills by an inmate nurse and then was examined by a doctor. The following day, his injury was diagnosed as a lower back strain; he was prescribed a pain reliever and a muscle relaxant.  Over the course of several weeks, Gamble was seen by several doctors who prescribed various pain relievers and provided him with medical work excuses.  Ultimately, despite his protests that his back hurt as much as it had the first day, medical staff certified Gamble to be capable of light work. During the next two months, Gamble received a urinalysis, blood test, blood pressure measurement, and pain and blood pressure medication. Subsequently, a medical assistant examined Gamble and ordered him hospitalized for treatment of irregular cardiac rhythm.

The Supreme Court held that Gamble's allegations failed to state a claim upon which relief could be granted against the

defendant, both in his capacity as a treating physician and as the medical director of the Corrections Department.

> Gamble was seen by medical personnel on 17 occasions spanning a 3-month period . . .. They treated his back injury, high blood pressure, and heart problems. Gamble has disclaimed any objection to the treatment provided for his high blood pressure and his heart problem; his complaint is "based solely on the lack of diagnosis and inadequate treatment of his back injury." The doctors diagnosed his injury as a lower back strain and treated it with bed rest, muscle relaxants and pain relievers. Respondent contends that more should have been done by way of diagnosis and treatment, and suggests a number of options that were not pursued. The Court of Appeals agreed, stating: "Certainly an x-ray of (Gamble's) lower back might have been in order and other tests conducted that would have led to appropriate diagnosis and treatment for the daily pain and suffering he was experiencing." <u>But the question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court under the Texas Tort Claims Act</u>.

Gamble, 427 U.S. at 107 (internal citations omitted) (emphasis added).

Plaintiff's allegations, like Gamble's, do not state a constitutional violation. Plaintiff's own allegations and extensive documents attached to his Complaint reveal that the Defendants acted responsibly in attending to his medical needs. Had the Plaintiff not been incarcerated, it is highly questionable whether he would have received any medical care, let alone the

abundance of prompt medical care he did receive.

Plaintiff's Complaint reveals that he received continual medical treatment, including pain medication, muscle relaxers, physical therapy, numerous X-rays, blood work, a cat-scan, outside examination by specialists, and finally, back surgery on April 19, 2005. While Plaintiff takes issue with the "delay" in getting his surgery, his requested walker and wheel chair, and pain medications, there is nothing to suggest that any of the Defendants were deliberatly indifferent. His surgery was delayed because the first specialist declined to perform the surgery and defendants were required to find another surgeon (doc. no. 1-6, p. 16). It appears that his walker was delayed because none could be found in storage. He experienced some delay in receiving some pain medication but does not allege any personal involvement by any defendant that would constitute deliberate indifference. Rather, he alleges that various pain medication routinely was ordered for him and administered to him by Defendants. Finally, although he complains he needs additional surgery, he alleges that on October 26, 2005, he was examined by Dr. Jin who informed him that there was not much he could do to help him.

While an intentional refusal to provide _any_ medical treatment to an inmate suffering from a serious medical need manifests deliberate indifference and is actionable under the Eighth Amendment, the Eighth Amendment does not require that a prisoner receive every medical treatment that he requests or that

is available elsewhere. A disagreement as to the appropriate choice of medical treatment does not give rise to a constitutional violation because the "right to be free from cruel and unusual punishment does not include the right to the treatment of one's choice." Layne v. Vinzant, 657 F.2d 468, 473 (1st Cir. 1981). Mere disagreements over medical judgment do not state Eighth Amendment claims as there are typically several acceptable ways to treat an illness. White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990) (citations omitted). *Accord* Young v. Quinlan, 960 F.2d 351, 358 n.18 (3d Cir. 1992) (an inmate's disagreement with prison personnel over the exercise of medical judgment does not state claim for relief under section 1983).

Taken as true, Plaintiff's allegations and the record evidence simply do not show that any of the Defendants acted with deliberate indifference to any serious medical needs for purposes of imposing liability under the Eighth Amendment's prohibition against cruel and unusual punishment. Specifically, there is nothing that suggests that Defendants knew that Plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. Thus, Defendants are entitled to judgment as a matter of law with respect to his claims.

**III.     CONCLUSION**

For the reasons set forth above, it is respectfully recommended that the Partial Motion to Dismiss filed by the

Pennsylvania Department of Corrections Defendants (doc. no. 27) be granted, that the Motion to Dismiss filed by the Medical Defendants (doc. no. 29) be granted, and that Plaintiff's Complaint be dismissed in its entirety in accordance with the screening provisions of the PLRA.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.


Dated: August 21, 2007         <u>Lisa Pupo Lenihan</u>
                               Lisa Pupo Lenihan
                               U.S. Magistrate Judge


cc:     Terrence F. McVerry
        United States District Judge

        Isaac Mitchell
        EG-7580
        175 Progress Drive
        SCI Greene
        Waynesburg, PA  15370

        Counsel of Record